# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RICARDO JUAREZ-MELARA,<br><br>                  Defendant/Petitioner,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  Plaintiff/Respondent. | CASE NO. 08cv1725(IEG)<br>[related to 07cr2140-IEG]<br><br>Order Denying Motion for Reduction of Sentence under 28 U.S.C. § 2255 |

Defendant/Petitioner Jose Ricardo Juarez-Melara moves the Court for an order reducing his time in custody under 28 U.S.C. § 2255. The government has filed an opposition. Defendant filed no reply. Upon review, for the reasons explained herein, the motion is DENIED.

## *Background*

On August 8, 2007, a federal grand jury in the Southern District of California returned a two-count Indictment charging Defendant with one count of importation of cocaine and methamphetamine, and one count of possession of cocaine and methamphetamine with intent to distribute. On September 24, 2007, pursuant to a plea agreement, Defendant pled guilty to Count 1 of the Indictment, the importation charge. On March 24, 2008, the Court sentenced Defendant to 70 months in prison, followed by 3 years of supervised release.

Defendant timely filed this motion for reduction of sentence under 28 U.S.C. § 2255 on September 19, 2008. The government filed a response. Defendant did not file a reply.

*Discussion*

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court "to vacate, set aside, or correct the sentence" on the grounds that such sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." In his motion, Defendant argues he is entitled to a reduced sentence under the Equal Protection and/or Due Process Clauses of the Fifth Amendment. Defendant argues that as an alien, he is deprived of the benefit and privilege of several programs made available to United States Citizens, including the opportunity to participate in drug programs, be transferred to a halfway house to prepare to re-assimilate, and obtain a Unicor job with good wages and other benefits.

Defendant's claim for relief fails for two reasons. First, Defendant explicitly waived his right to appeal or collaterally attack his sentence. The plea agreement provides in paragraph XI as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the higher of the guideline range recommended by the Government pursuant to this plea agreement at the time of sentencing . . . .

Generally, a defendant's waiver of the right to appeal or collaterally challenge his sentence is enforceable so long as the language of the waiver encompasses the grounds asserted by the defendant and the waiver was entered knowingly and voluntarily. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

Here, the broad waiver contained in the plea agreement effectively encompassed the claims Defendant now seeks to assert. The agreement waives "to the full extent of the law" the "right to ... collaterally attack the conviction and sentence ... unless the court imposes a custodial sentence greater than the higher of the guideline range recommended by the Government." The plea agreement jointly recommended a Total Offense Level of 27, which resulted in an advisory guideline range of 70 to 87 months. The Court sentenced Defendant to 70 months. The unambiguous waiver of the plea agreement bars Defendant from collaterally attacking his sentence where, as here, the Court's sentence was not greater than the higher end of the guideline range

1 recommended by the plea agreement.

2     In addition, Defendant's waiver was knowing and voluntary.  To determine whether the
3 Defendant's waiver was knowing and voluntary, the court looks to the circumstances surrounding
4 the signing and entry of the plea agreement.  United States v. Baramdyka, 95 F.3d 840, 843 (9th
5 Cir. 1996).  Here, Defendant entered into the plea agreement with the advice and consent of his
6 counsel. [Doc. 10, p. 9.]  Defendant certified he had read the agreement, or it had been read to him
7 in his native language, he had discussed the terms with his counsel, and he fully understood its
8 meaning and effect.  [Id.]  Defendant does not suggest his waiver was anything other than knowing
9 and voluntary.  Therefore, the Court finds Defendant waived his right to collaterally attack his
10 sentence.

11     Even if Defendant did not waive his right to collaterally attack his sentence, his claim lacks
12 legal merit.  The Ninth Circuit has found that the Bureau of Prison's rules, barring aliens from
13 participating in the types of programs Defendant cites, do not violate equal protection or implicate
14 due process.  McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).  Therefore, Defendant
15 would not be entitled to relief on the merits of his claim even in the absence of his waiver.

16 ***Conclusion***

17     For the reasons set forth herein, Defendant's motion to reduce his sentence is DENIED.

18 **IT IS SO ORDERED**.

19 **DATED:  March 12, 2009**

20                                         **IRMA E. GONZALEZ, Chief Judge**
21                                         **United States District Court**

22
23
24
25
26
27
28